UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CEDRIQUEZ McCAA,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-845-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| UNITED STATES OF AMERICA,<br>*ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF Nos. 1, 8) filed by *pro se* Plaintiff Cedriquez McCaa ("McCaa") (#13353-002). McCaa is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"). He names as Defendants the United States of America, J. Baltazar, Warden S. Merendino, Ms. Freeman, C. McConnell, L. Mosely, and Assistant Warden Hudson. ECF No. 8 at 2-3.

Because McCaa cannot show that he suffered a constitutional violation, his Complaint (ECF Nos. 1, 8) should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

McCaa initially filed a document titled "Order" alleging that he has "effectively exhausted all remedies exercising the rights to file without an attorney in the United States District Courts for the Middle District of Alabama . . . with all due respects to the 6th Amendment right to represent yourself 'pro se' as your own attorney." ECF No. 1 at 1. McCaa asks that this Court "authorize the U.S. Court Clerk to verify

Cedriquez McCaa active as (pro se) for the Middle District of Alabama with legal (pro se) documents in the U.S. District Court" and notify the BOP South Central Regional Office Director J. Baltazar that McCaa is exercising his rights under the Sixth Amendment to the United States Constitution. ECF No. 1 at 2. McCaa also notes that Ms. Freeman, the legal assistant at FCI-Pollock, is "ineffective to assistance to acknowledge our right to file without an attorney. . . ." ECF No. 1 at 3.

Because McCaa filed an "Order" and did not file a complaint or petition on a court-approved form, the Clerk of Court provided McCaa with a Complaint form and an application for leave to proceed *in forma pauperis*. ECF No. 3. McCaa completed the Complaint form, alleging that his administrative remedy forms BP-8 and BP-9 were "lost by staff and no action taken by Warden S. Merendino." ECF No. 8 at 3. He also alleges that FCI-Pollock staff "never gave J. Baltazar notice of [McCaa's] status," which "requires a legal call." ECF No. 8 at 3. McCaa states that Legal Assistant Freeman was given notice of his *pro se* status, but "did not give all parties notice to the rights of prisoners filing without an attorney which is ineffective and a violation of prisoners 6th Amendment rights." McCaa claims the other Defendants were all notified about his *pro se* status, but they still refused to allow McCaa to exercise his Sixth Amendment rights and make a legal call. ECF No. 8 at 3.

McCaa attached a document from Warden B. Hudson as an exhibit to his Complaint. ECF No. 8-1. In the document, Warden Hudson notes that he received correspondence from McCaa addressed to J. Baltazar requesting that inmates in the Special Housing Unit ("SHU") be allowed to receive phone calls due to the "nationwide

emergency." ECF No. 8-1 at 1. Warden Hudson provides that "an additional two (2), 15-minute telephone calls per month, limited to one (1) phone call per week, were allotted to inmates housed in the SHU at FCC Pollock." ECF No. 8-1 at 1. However, Warden Hudson advised McCaa that "inmates who are on phone restriction based on a finding of guilt through the disciplinary process will not have the phone available for communication until their sanctions are completed." ECF No. 8-1 at 1.

In an effort to decipher the nature of McCaa's claims, the Court reviewed McCaa's filings in the Middle District of Alabama. According the record in McCaa's criminal case, McCaa filed a *pro se* letter to the court even though McCaa's attorney was still enrolled. The court issued an Order stating that it does not accept *pro se* letters or pleadings filed by a defendant represented by counsel. *United States v. McCaa*, 2:10-CR-191 (M.D. Ala. 02/03/2020), ECF No. 68. The court forwarded a copy of the document to McCaa's attorney and returned the original to McCaa. *Id.* It also instructed the clerk of court not to accept any *pro se* pleadings from McCaa. *Id.*

Shortly thereafter, McCaa's attorney filed a motion to withdraw. *Id.* at 69. McCaa then filed a *pro se* motion to award all available jail credit, which is now pending in the Middle District of Alabama. *Id.* at 70.

II. **Law and Analysis**

   A. **McCaa's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.**

   McCaa is a prisoner who has been granted leave to proceed *in forma pauperis*. ECF No. 15. As a prisoner seeking redress from an officer or employee of a governmental entity, McCaa's Complaint (ECF No. 8) is subject to preliminary

3

screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, McCaa's Complaint (ECF No. 8) is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. McCaa does not state a claim for a constitutional violation by Defendants.

To the extent McCaa asks this Court to issue any orders to the Middle District of Alabama regarding McCaa's status as a *pro se* plaintiff, or instructing that court to accept McCaa's filings, McCaa provides absolutely no legal basis for the request. Moreover, it appears that the issue McCaa had with not being allowed to file *pro se* pleadings in his criminal case has recently been resolved due to the withdrawal of counsel and the court's recent acceptance of McCaa's *pro se* filing. *United States v. McCaa*, 2:10-CR-191 (M.D. Ala. 02/03/2020), ECF Nos. 69, 70.

More broadly, McCaa does not state a claim for a violation of his right to counsel. First, there is no federal constitutional right to counsel in collateral proceedings. *Shamburger v. Cockrell*, No. 01–20822, 34 F.App'x. 962 (5th Cir.2002) (unpublished) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987)). And McCaa does not show that the prison legal assistant Ms. Freeman represented McCaa or owed him any legal duty.

To the extent that McCaa complains that he was denied access to the courts by any of the Defendants, his claim fails. Prisoners have a constitutional right of access to the courts. *See Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993). However, the right of access to the courts is not unlimited, and includes only a reasonable opportunity to file non-frivolous legal claims challenging the prisoner's convictions or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, in order to state a claim that he was denied the right of access to the courts, a plaintiff must demonstrate that his position as a litigant was actually prejudiced by the named defendants. *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)). The requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Instead, a plaintiff must show that he was prevented from filing a non-frivolous pleading. *Id.*

McCaa was unable to file a *pro se* letter in the Middle District of Alabama while he had counsel enrolled in his criminal case. However, he has since been allowed to file a motion, which is pending. *United States v. McCaa*, 2:10-CR-191 (M.D. Ala.

5

02/03/2020), ECF Nos. 69, 70. Moreover, McCaa has not alleged that his inability to file a *pro se* document in Alabama was caused by any Defendant named in this case. And the record of his criminal case confirms that it was a court order that prevented him from filing a *pro se* letter in the Middle District of Alabama. *United States v. McCaa*, 2:10-CR-191 (M.D. Ala. 02/03/2020), ECF No. 68.

On the other hand, McCaa was also able to file a motion to vacate his conviction in that court, which was denied on the merits. *See McCaa v. United States*, 2:16-cv-00467 (M.D. Ala.), ECF Nos. 1, 17, 18. Additionally, McCaa has filed two civil actions in this Court. McCaa has not provided any allegations indicating that Defendants deprived him of the opportunity to file any non-frivolous legal claim challenging his conviction or conditions of confinement. *See Casey*, 518 U.S. at 351.

To the extent McCaa seeks relief for the denial of administrative proceedings or the loss of any of his grievances, his claim also fails. There is no constitutional right to prison grievance procedures or having grievances resolved. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (*per curiam*) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (*per curiam*) (no protected liberty interest in the processing of grievances). In fact, a prison system is not required to establish grievance procedures, and the failure of a prison to adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. *See Archie v. May*,

Civ. No. 13-3185, 2014 WL 993506, at *3 & n.1 (W.D. La. Mar. 13, 2014) (collecting cases).

Finally, McCaa fails to state a claim as to his inability to make "a legal call." ECF Nos. 1, 8. According to Warden Hudson, inmates in the SHU are allowed to receive phone calls, including "an additional two (2), 15-minute telephone calls per month, limited to one (1) phone call per week. . . ." ECF No. 8-1 at 1. However, "inmates who are on phone restriction based on a finding of guilt through the disciplinary process will not have the phone available for communication until their sanctions are completed." ECF No. 8-1 at 1.

McCaa does not state whether or not he is on phone restriction based on a disciplinary conviction. Regardless, his claim fails. Prisoners have no right to unlimited telephone use, which "is subject to rational limitations in the face of legitimate security interests of the penal institution." *Hogan v. Terrebonne Par. Criminal Justice Complex*, 15-CV-1258, 2015 WL 4716044, at *4 (E.D. La. Aug. 7, 2015) (citing *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (quoting *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir.1982); *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)).

Although McCaa claims that he was unable to make a "legal call," he does not provide details regarding the nature or necessity of the call. McCaa does not allege that he was unable to contact an attorney, as he is adamant that he is proceeding *pro se*. ECF Nos. 1, 8. McCaa does not claim that he was unable to communicate with the courts, and he has filed numerous pleadings here and in the Middle District of

Alabama that rebut such a claim. McCaa does not allege that he was unable to attend a phone conference or any other telephone proceeding that would require McCaa's participation, and a review of court records does not indicate that there was ever a scheduled telephone proceeding in any of McCaa's cases.

To the extent McCaa is on temporary phone restriction due to a disciplinary sanction, he has not alleged a constitutional violation. The Due Process Clause does not protect every change in the conditions of confinement having an adverse impact on the prisoner. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995). In *Sandin*, the Supreme Court held that the plaintiff's placement in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. *Id.* at 485–86. Although some restrictions implicate constitutional protections, they only extend to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The loss of privileges, such as telephone use, visitation, and commissary privileges as punishment "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see also Landor v. Lamartiniere*, 515 F. App'x 257, 259 (5th Cir. 2013) (holding that loss of privileges and transfer to different cell block did not implicate prisoner's liberty interest); *Thomas v. Quaterman*, 272 F. App'x 406, 408 (5th Cir. 2008) (*per curiam*) (holding that loss of privileges and cell restrictions are ordinary incidents of prison life and do not give rise to a protected liberty interest); *Taylor v. Stanciel*, 202 F. App'x 662, 663 (5th Cir.

2006) (holding that a loss of privileges for 30 days does not give rise to a liberty interest).

### III. Conclusion

Because McCaa cannot show that he has suffered the violation of his constitutional rights, IT IS RECOMMENDED that his Complaint (ECF No. 1, 8) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, October 1, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE